IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

| | |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>Defendants-Appellants. | No. 25-1236 |
| STATE OF NEW YORK, et al.,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>Defendants-Appellants. | No. 25-1413 |

**UNOPPOSED MOTION TO CONSOLIDATE APPEALS AND
TO REVISE BRIEFING SCHEDULE**

Pursuant to Federal Rules of Appellate Procedure 3(b)(2) and 27, the government respectfully moves to consolidate *New York v. Trump*, No. 25-1236, and *New York v. Trump*, No. 25-1413. The government also requests that a briefing schedule be set in the consolidated appeals that allows the government until May 27, 2025, in which to file its consolidated opening brief. This motion is unopposed.

1. This case involves a January 27, 2025, memorandum issued by the Office of Management and Budget (OMB) requiring federal agencies to review federal financial assistance programs for consistency with the President's policies. While that review was ongoing, agencies were to temporarily pause funding implicated by certain Executive Orders to the extent allowed under applicable law. On January 29, 2025, OMB rescinded the memorandum.

In this lawsuit filed by plaintiff States, the district court entered a preliminary injunction on March 6, 2025. *See* Dkt. No. 161. The court enjoined the government defendants from "reissuing, adopting, implementing, giving effect to, or reinstating under a different name the directives in [the OMB memorandum] with respect to the disbursement and transmission of appropriated federal funds to the States under awarded grants, executed contracts, or other executed financial obligations." *Id.* at 44. The court also enjoined the government defendants from "pausing, freezing, blocking, canceling, suspending, terminating, or otherwise impeding the disbursement of appropriated federal funds to the States under awarded grants, executed contracts, or other executed financial obligations based on the OMB [memorandum]," including "funding freezes dictated, described, or implied by Executive Orders issued by the President before rescission of the OMB [memorandum] or any other materially similar order, memorandum, directive, policy, or practice under which the federal government imposes or applies a categorical pause or freeze of funding appropriated

2

by Congress." *Id.* The government's appeal of the district court's preliminary injunction is docketed as No. 25-1236.

2. Plaintiffs moved to enforce the preliminary injunction as to certain funding administered by the Federal Emergency Management Agency. The district court granted the motion on April 4, 2025. *See* Dkt. No. 175. The court denied reconsideration on April 14, 2025. *See* Dkt. No. 182. The government's appeal of the district court's order is docketed as No. 25-1413.

3. The government respectfully moves to consolidate the two appeals. Both appeals arise from the same district court action. The first appeal challenges the district court's preliminary injunction, and the second appeal challenges the district court's order enforcing the preliminary injunction. It would be most efficient for the parties and the Court to consolidate the appeals for purposes of appellate review and decision. *See* Fed. R. App. P. 3(b)(2). The government intends to file a single opening brief addressing the issues in the two appeals. As explained below, under the proposed consolidated briefing schedule, the government would obtain only a short extension of the briefing deadline established in the first appeal, No. 25-1236.

4. Under the briefing schedule in No. 25-1236, the government's opening brief is currently due on May 13, 2025. The government has not previously requested an extension. The government respectfully requests that the deadline for the consolidated opening brief be set for May 27, 2025, 14 days later than the current

deadline. The requested extension is necessary in light of the proposed consolidation of the two appeals and government counsel's other appellate deadlines.

Brian J. Springer and Sean R. Janda have principal responsibility for preparing the government's brief in this case. Mr. Springer also has principal responsibility for the following matters: *Florida Gas Transmission Co. v. Department of Transportation*, No. 24-60420 (5th Cir.) (response brief filed April 28); *Jazz Pharmaceuticals, Inc. v. Kennedy*, No. 24-5262 (D.C. Cir.) (oral argument scheduled May 5); *Rise for Animals v. Washington*, No. 24-1458 (4th Cir.) (oral argument scheduled May 7); *Global Health Council v. Trump*, Nos. 25-5097, -5098 (D.C. Cir.) (opening brief due May 9 under proposed expedited schedule); *Mahoney v. U.S. Capitol Police Board*, No. 24-5207 (D.C. Cir.) (reply brief due May 27, as extended). Mr. Janda also has principal responsibility for the following matters: *Secretary of Labor v. KC Transport, Inc.*, No. 22-1071 (D.C. Cir.) (supplemental brief filed April 29); *Arizona Alliance for Retired Americans v. Mayes*, No. 22-16490 (9th Cir.) (en banc) (proposed amicus brief lodged April 29); *Sweet v. Department of Education*, No. 23-15049 (9th Cir.) (response to petition for rehearing en banc due May 2); *Global Health Council v. Trump*, Nos. 25-5097, -5098 (D.C. Cir.) (opening brief due May 9 under proposed expedited schedule); *Kalbers v. Department of Justice*, Nos. 24-1048, -1477 (9th Cir.) (oral argument scheduled May 16); *Roberts v. Department of Justice*, No. 24-1881 (6th Cir.) (response brief due May 23).

Daniel Tenny has supervisory responsibility for the government's brief in this case. Mr. Tenny also has supervisory responsibility for the following matters with

4

upcoming deadlines: *CoreCivic Inc. v. Murphy*, No. 23-2598 (3d Cir.) (oral argument scheduled May 1); *Palacio v. Food and Drug Administration*, No. 24-12446 (11th Cir.) (response brief due May 2); *Rise for Animals v. Washington*, No. 24-1458 (4th Cir.) (oral argument scheduled May 7); *Massachusetts Fair Housing Center v. U.S. Department of Housing and Urban Development*, No. 25-1368 (1st Cir.) (response brief due May 6); *Global Health Council v. Trump*, Nos. 25-5097, -5098 (D.C. Cir.) (opening brief due May 9 under proposed expedited schedule); *Munro v. U.S. Copyright Office*, No. 24-5136 (D.C. Cir.) (response brief due May 14); *Kalbers v. Department of Justice*, Nos. 24-1048, -1477 (9th Cir.) (oral argument scheduled May 16); *Joint Sports Claimants v. Library of Congress*, Nos. 24-1259, -1260 (D.C. Cir.) (response brief due May 27).

5. Counsel for plaintiffs has authorized us to state that this motion is unopposed.

Respectfully submitted,

DANIEL TENNY
SEAN R. JANDA

*/s/ Brian J. Springer*
BRIAN J. SPRINGER
(202) 616-5446
 Attorneys, Appellate Staff
 Civil Division
 U.S. Department of Justice
 950 Pennsylvania Ave., N.W.
 Washington, D.C. 20530

APRIL 2025

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 948 words. This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Garamond 14-point font, a proportionally spaced typeface.

_/s/ Brian J. Springer_
Brian J. Springer

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Brian J. Springer*
Brian J. Springer
